# EXHIBIT 2

# EXHIBIT 2A

7/25/2024 3:59 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 90201319
By: Patricia Jones
Filed: 7/25/2024 3:59 PM

**CAUSE NO. _____**

| | |
|---|---|
| **WILMAR OLEO NORTH AMERICA LLC,** | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | |
| **v.** | **HARRIS COUNTY, TEXAS** |
| **EASTMAN CHEMICAL COMPANY,** | |
| **Defendant.** | |
| | **\_\_\_\_ JUDICIAL DISTRICT** |

## WILMAR OLEO NORTH AMERICA LLC'S ORIGINAL PETITION

Wilmar Oleo North America LLC ("Wilmar") files this Original Petition, complaining of Eastman Chemical Company ("Eastman") as follows:

### Introduction

1.      This is an action for breach of contract resulting in damages to Wilmar related to Eastman's failure to purchase an agreed upon amount of glycerin.

2.      Pursuant to the agreement between Wilmar and Eastman, Wilmar agreed to provide glycerin at a price certain, conditioned on Eastman's purchase of an agreed upon volume of glycerin throughout 2023.

3.      Pursuant to purchase orders submitted by Eastman, Wilmar provided glycerin to Eastman at the agreed upon price from March through August of 2023.  However, in September, Eastman advised that it did not plan to meet its obligation to purchase the volume to which it had agreed.

4.      Despite demand from Wilmar, Eastman has refused to comply with the terms of its agreement with Wilmar and is, therefore, in breach of its obligations.

5.      Due to its breach, Eastman is now not only responsible for Wilmar's actual damages, but also for the attorneys' fees and costs incurred by Wilmar as a result of Eastman's breach.

### Discovery Control Plan

6.      This suit is not subject to the expedited action process because, as set forth above, Wilmar seeks monetary relief in excess of $1,000,000. Wilmar intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.

### The Parties

7.      Plaintiff Wilmar is a Texas limited liability company with its principal place of business in Pearland, Texas.

8.      Defendant Eastman is a Delaware corporation, regularly conducting business in Texas.  It can be served through its registered agent for service of process, United Agent Group, Inc, 5444 Westheimer, Suite 1000, Houston, Texas 77056.

### Jurisdiction and Venue

9.      The damages sought in this lawsuit are within the jurisdictional limits of the court. Wilmar seeks damages in an amount in excess of $1,000,000.

10.      This court has jurisdiction over the parties because they do business in Texas and because a substantial part of the events or omissions at issue in this case occurred in Texas. Specifically, Eastman agreed to a forum selection clause in favor of courts in Harris County, Texas. Eastman also purposefully directed its activities relating to the issues in this case toward Wilmar (an entity organized and located in Texas) including but not limited to engaging in negotiations with Wilmar regarding the contract and then paying Wilmar via its bank in Texas.

**Factual Background**

11.    Wilmar and Eastman have a longstanding business relationship through which Wilmar provides glycerin to Eastman at an agreed upon price.

12.    Wilmar's pricing for the sale of glycerin to its customers is based, in part, on the volume of product required by that customer.

13.    In late 2022 the parties began negotiating both the price and volume for the glycerin that Wilmar would provide to Eastman throughout 2023.  Different price points were discussed based on volume, with an agreement for the highest volume at the lowest per pound.

14.    Agreement was reached whereby Wilmar would provide Eastman with glycerin at the price of $0.75 per pound on the for 3,211 metric tons of glycerin during the 2023 calendar year.

15.    On January 24, 2023, in response to a request from Wilmar for confirmation of the parties' agreement, Eastman responded that it was "good with the commercial terms" and that Wilmar's calculations accurately reflected Eastman's "agreement for 3,211 MT at 75ccp trough [sic] out FY 2023."

16.    In accordance with that agreement, from March through August, Eastman submitted purchase orders for the provision of glycerin from Wilmar at the price of $0.75 per pound.  In response to such purchase orders, and in reliance of the contractual agreement reached regarding price and volume, Wilmar provided the requested glycerin to Eastman at the agreed upon price of $0.75 per pound.

17.    On September 1, 2023, with approximately a majority of Eastman's contracted volume outstanding, Eastman advised Wilmar that it would not be purchasing any more glycerin from Wilmar.  Eastman's stated reason for this was market conditions and competition in the industry.

3

18. When Wilmar advised Eastman of the outstanding volume commitment, Eastman responded that it did not consider itself bound by any contractual terms despite the fact Eastman had accepted glycerin at the agreed upon price based on volumes through the end of 2023.

19. Although Wilmar attempted to discuss business solutions with Eastman, Eastman continued to refuse to honor its contractual obligations. Therefore, on December 22, 2023, a formal demand was made on Eastman, advising that, should Eastman fail to honor its contractual obligations by year end, Wilmar would have no choice but to pursue all legal remedies available under the law, including but not limited to a claim for reasonable attorney's fees.

20. Since then, Eastman has continued to deny its contractual obligations with Wilmar.

## Cause of Action 1 - Breach of Contract

21. The email correspondence between the parties satisfies the requirements of a contract for the sale of goods. An offer was made by Wilmar for the purchase of a specific amount of glycerin, within a stated time period, and at a stated price. That offer was accepted by Eastman.

22. Eastman's acceptance of Wilmar's offer to sell a specified volume of product at an agreed upon price constitutes a binding contract, subject to the terms of the Texas Business & Commerce Code (Uniform Commercial Code, Chapter 2).

23. Having reached agreement, Wilmar provided Eastman with glycerin, at the agreed upon price, in reliance of Eastman's agreement to make that agreed up on purchases throughout 2023 until the agreed upon volume had been satisfied.

24. Demand for compliance has been made by Wilmar to Eastman, yet Eastman has continued to fail to meet its contractual obligations.

25. Wilmar satisfied all of its obligations under the parties' agreements and all conditions precedent to Wilmar's recovery have occurred, including presentment of its claim.

**Cause of Action 2 – Unjust Enrichment**

26.     Wilmar maintains its position that Eastman was contractually responsible for the purchase of 3,211 metric tons of glycerin and is responsible for the actual damages suffered by Wilmar as a result of that breach.  However, because Eastman has taken the position that no contract exists, in the alternative, Wilmar claims that Eastman was unjustly enriched by submitting purchase orders and paying invoices based on a price of $0.75 per pound for Wilmar's glycerin.

27.     The price Eastman paid for Wilmar's glycerin was based on negotiations requiring the purchase 3211 metric tons.  Had Eastman failed to commit to that agreed amount, Wilmar would have charged Eastman an amount commensurate with what other smaller volume purchasers were paying.

28.     Allowing Eastman to retain the benefit of a volume discount, without meeting the required volume, would be unjust.

**Damages**

29.     Wilmar is entitled to damages in the amount in excess of $1,000,000 based on the glycerin that Eastman failed to purchase under the agreement.

30.     Because the claims in this lawsuit are based on breach of contract, pursuant to Texas Civil Practice & Remedies Code, Section 38.001, Wilmar is further entitled to and seeks its attorneys' fees incurred in bringing this lawsuit.

**Jury Demand**

31.     Wilmar demands a jury trial and tenders the appropriate fee with this Original Petition.

5

**<u>Prayer for Relief</u>**

Based on the allegations set forth above, Wilmar respectfully requests that judgment be entered against Eastman for Wilmar's actual damages, including all amounts due and owing to Wilmar, attorneys' fees incurred in connection with this proceeding, all costs of this proceeding, and for all other and further relief to which it may be entitled, together with pre- and post-judgment interest as applicable.

Respectfully submitted,

JORDAN, LYNCH & CANCIENNE PLLC


By:____*/s/ Kevin Jordan*_____
       Kevin Jordan
       Texas State Bar No. 11014800
       Susan Thomas
       Texas State Bar No. 17019450
       Brittainie Zinsmeyer
       Texas State Bar No. 24115981
       1980 Post Oak Blvd., Suite 2300
       Houston, Texas 77056
       Telephone: 713.955.4025
       Facsimile: 713.955.9644
       kjordan@jlcfirm.com
       sthomas@jlcfirm.com
       bzinsmeyer@jlcfirm.com

ATTORNEYS FOR PLAINTIFF
WILMAR OLEO NORTH AMERICA LLC

6

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 90201319
Filing Code Description: Petition
Filing Description: Wilmar Oleo North America LLC's Original Petition
Status as of 7/25/2024 4:14 PM CST

Associated Case Party: Wilmar Oleo North America LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kevin Jordan | | kjordan@jlcfirm.com | 7/25/2024 3:59:44 PM | SENT |
| Susan Thomas | | sthomas@jlcfirm.com | 7/25/2024 3:59:44 PM | SENT |
| Brittainie Zinsmeyer | | bzinsmeyer@jlcfirm.com | 7/25/2024 3:59:44 PM | SENT |
| Cristi Cavazos | | ccavazos@jlcfirm.com | 7/25/2024 3:59:44 PM | SENT |