IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WILMAR OLEO NORTH AMERICA LLC, <br><br> Plaintiff, <br><br> v. <br><br> EASTMAN CHEMICAL COMPANY, <br><br> Defendant. | CASE NO. 4:24-cv-03171 |

### DEFENDANT EASTMAN CHEMICAL COMPANY'S MOTION TO EXCLUDE THE TESTIMONY OF KARL L. KILLIAN

Defendant Eastman Chemical Company files this motion to exclude the testimony of Plaintiff's expert Karl L. Killian. Killian's testimony should be excluded because the method he used to calculate Wilmar's alleged damages is invalid as a matter of law.

In this case, Wilmar seeks damages resulting from Eastman's refusal to purchase certain amounts of glycerin in 2022 and 2023. Wilmar hired Killian to "quantify [Wilmar's] economic loss related to certain amounts of glycerin that [Wilmar] alleges Eastman agreed to but chose not to purchase during 2022 and 2023. Ex. 1 (Killian Report) at ¶ 7. Killian claims his opinions are "predicated on Texas Business and Commerce Code 2.708" (Ex. 1 at ¶ 12), but his analysis shows that he ignored § 2.708 entirely.

Section 2.708 prescribes a "seller's damages for non-acceptance or repudiation." TEX. BUS. & COM. CODE § 2.708. Under this provision, the "measure of damages for non-acceptance" is "the difference between the *market price* at the time and place for tender and the unpaid contract price together with any incidental damages . . . , but less expenses saved in consequence of the buyer's breach." *Id.* at § 2.708(a) (emphasis added). In his analysis, Killian says nothing about

"market price," so his opinions are irrelevant and should be excluded. "Expert opinions that are contrary to law are inadmissible." *Loeffel Steel Prods. v. Delta Brands, Inc.*, 387 F. Supp. 2d 794, 806 (N.D. Ill. 2005).

## BACKGROUND

### A. Killian's First Report

When Killian submitted his report, Wilmar's pending claim was that Eastman had agreed to purchase 3,211.41 MT of glycerin from Wilmar in 2023 at $0.75 per pound. Ex. 1 at ¶ 13. Wilmar alleged that, despite this agreement, Eastman "only purchased approximately 1,100 metric tons" in 2023, so that "approximately 2,100 metric tons of glycerin remained." *Id*.

To calculate Wilmar's damages, Killian multiplied the "not purchased" volume by $0.75 per pound, resulting in "Lost Income" of $3,528,488. *Id*. at ¶ 13, Table 1. Killian then subtracted the income Wilmar received from selling "an equivalent volume of approximately 2,100 metric tons of glycerin . . . to five different customers" between November 2023 and January 2024. *Id*. at ¶ 14. Killian labeled this "Mitigating Income," which (when subtracted from "Lost Income") resulted in alleged "economic damages to [Wilmar] of approximately $2.0 million." *Id*. No part of Killian's analysis incorporated or even referenced the market price of glycerin.

Killian also derived an "Alternative Damages" figure tied to Wilmar's unjust-enrichment claim. For this measure, Killian started with the "approximately 1,100 metric tons of glycerin that Eastman purchased in 2023 at a price of $0.75 per pound." *Id*. at ¶ 18. He then referred to the prices the parties "previously negotiated in 2022 . . . of either $1.10 or $1.06 per pound." *Id*. From this, Killian concluded that Eastman "enjoyed a savings of between $0.31 and $0.35 per pound" on its purchases in 2023, "enriching Eastman by approximately $778,000." *Id*. As before, no part of Killian's analysis incorporated or even referenced the market price of glycerin.

2

Killian also calculated prejudgment interest based on his two damages figures. *Id*. at ¶ 19.

B.     **Killian's Supplemental Letter Report**

Wilmar later amended its complaint to add claims related to breaches of alleged quarterly agreements in 2022. Killian then filed a supplemental report "evaluat[ing] the damages incurred by [Wilmar] arising from [Eastman's] failure to fulfill its contracts with [Wilmar] in 2022." Ex. 2 (Killian Supplemental Report) at 1. Killian's supplemental report employed the same methodology from his original report. He assumed that "volume totaling approximately 1,600 MT were not purchased by Eastman in 2022 at the agreed prices," which he calculated to result in "loss of sales value" totaling $3,552,551. *Id.* Killian then considered that Wilmar "sold a cumulative total of 1,600 MT of glycerin to four customers" in November and December 2023, which he "[t]reat[ed] . . . as offsetting mitigation." *Id*. at 1-2. According to Killian, this "yield[ed] a net lost sales value to [Wilmar] of approximately $2,717,139, after mitigation." *Id*. at 2.

As with his initial report, none of the analysis in Killian's supplemental report incorporated or even referenced the market price of glycerin.

## LEGAL STANDARD

Rule 702 provides that:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:

a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

b) the testimony is based on sufficient facts or data;

c) the testimony is the product of reliable principles and methods; and

d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

FED. R. EVID. 702. Under this rule, "the Court may only admit proffered expert testimony if the proponent, who bears the burden of proof, demonstrates that (1) the expert is qualified, (2) the evidence is relevant to the suit, and (3) the evidence is reliable." *See Kickz v. Chubb Lloyds Ins. Co. of Tex.*, 2025 WL 3272098, at *1 (N.D. Tex. Nov. 4, 2025).

To be relevant, an expert's testimony must "assist the trier of fact to understand the evidence or to determine a fact in issue." *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 580 (1993). Relevance depends on "whether [the expert's] reasoning or methodology properly can be applied to the facts in issue." *Knight v. Kirby Inland Marine Inc.,* 482 F.3d 347, 352 (5th Cir. 2007). To determine whether proffered testimony is reliable, the trial court must make "a preliminary assessment of whether the reasoning or methodology underlying the testimony is . . . valid." *Brown v. Illinois Cent. R. Co.,* 705 F.3d 531, 535 (5th Cir. 2013).

## **ARGUMENT**

### I.     **Killian's damages opinions are irrelevant, unreliable, and unhelpful.**

"Expert opinions that are contrary to law are inadmissible." *Loeffel*, 387 F. Supp. 2d at 806. Such opinions "cannot be said to be scientific, to be reliable, or to be helpful to the trier of fact." *Id.* Here, Killian *claimed* that his damages calculation was based on § 2.708 (Ex. 1 at ¶ 12), but his analysis proves otherwise. Under § 2.708, the "measure of damages for non-acceptance" is "the difference between the *market price* at the time and place for tender and the unpaid contract price together with any incidental damages . . . , but less expenses saved in consequence of the buyer's breach." TEX. BUS. & COM. CODE § 2.708(a) (emphasis added). Yet Killian did not account for market price in any of his damages calculations. Thus, Killian's opinions are inconsistent with the prescribed damages measure and must be excluded.

Courts routinely exclude expert opinions that ignore the relevant standard. In *Tran v. Computer Technology Solutions LP*, the plaintiff's expert ignored the "applicable regulations . . .

4

establishing a methodology for determining overtime pay." 2010 WL 11646559, at *3 (S.D. Tex. Oct. 29, 2010). The court ruled that because the expert "fail[ed] to use or even acknowledge these governing principles," his "opinions cannot be said to be the product of reliable principles and methods, and his testimony fails the reliability requirements of *Daubert* and Rule 702." *Id.*

The Sixth Circuit reached the same conclusion in *Endless River Technologies v. TransUnion, LLC*. There, the relevant law provided that "the proper date for determining damages in a breach of contract action is the date of the breach, not the date of trial." 2025 WL 233659, at *6 (6th Cir. Jan. 17, 2025). And because the plaintiff's expert failed to "measure[] . . . damages as of the appropriate date," the court concluded that his "testimony simply could not assist the factfinder in determining the appropriate amount of damages." *Id.*

The same reasoning requires exclusion of Killian's testimony. Because he did not apply the proper measurement under § 2.708, his testimony would not assist the jury in any way.

## II. Killian's unjust-enrichment opinion is unreliable and irrelevant.

Killian's opinion relating to unjust enrichment should also be excluded. In reaching this opinion, Killian ignores the relevant legal standard, rendering his opinions unreliable and irrelevant. Under Texas law, unjust enrichment allows a plaintiff to "recover the *reasonable value* of services rendered or materials supplied." *Denco SS Corp. v. Body Bar, LLC*, 445 S.W.3d 863, 877 (Tex. App.—Texarkana 2014, no pet.) (emphasis added). But Killian's unjust-enrichment analysis says nothing about the "reasonable value" of the glycerin Eastman purchased in 2023. Instead, Killian applies the price he says Eastman agreed to pay for glycerin more than one year earlier in 2022.

Wilmar's witnesses have confirmed, "glycerin is a commodity product" whose price "can fluctuate substantially overtime." Ex. 3 (Deposition of Ranganath Gopalan) at 35:24-36:10. Wilmar's witnesses have also confirmed that the price Eastman paid for glycerin in 2023—$0.75

per pound—ranged from "60 percent [over] the market price to more than double the market price." *Id*. at 207:16-208:9. Even so, Killian arbitrarily—and without explanation—chose to apply a price from 2022 in forming his opinion about Eastman's unjust enrichment in 2023. *See Mettler-Toledo, Inc. v. Fairbanks Scales, Inc.,* No. 9:06-CV-97, 2008 WL 11348468, at *3 (E.D. Tex. Oct. 27, 2008) (where expert arbitrarily chose adjustment percentages when calculating royalties, the court found his "results-driven methodology [had] no rhyme or reason" and so did "not satisfy the strictures of *Daubert* and Fed. R. Evid. 702").

In short, Killian's unjust-enrichment opinion would not help the jury evaluate the "reasonable value" of glycerin at the time of Eastman's 2023 purchase. Indeed, he ignores the issues of "reasonable value" altogether. For that reason, his opinion is irrelevant and should be excluded.

## CONCLUSION

Eastman respectfully requests that this Court exclude Killian's opinions in this case.

Respectfully submitted,

MCGUIREWOODS LLP

By: */s/ Gregory J. DuBoff*
Gregory J. DuBoff
*Lead Attorney*
*Admitted Pro Hac Vice*
gduboff@mcguirewoods.com
McGuireWoods LLP
800 East Canal Street
Richmond, Virginia 23219
Telephone: 804.775.1154
Facsimile: 804.698.2054

**Of Counsel**
Thomas M. Farrell
Texas State Bar No. 06839250
SDTX Bar No.: 17452

6

*tfarrell@mcguirewoods.com*
Reeny M.J. Philip
Texas State Bar No. 24126307
SDTX Bar No.: 3779015
*rphilip@mcguirewoods.com*
Sarah M. Holub
Texas State Bar No. 24106108
S.D. Tex. No. 3479243
*sholub@mcguirewoods.com*
McGuireWoods LLP
Texas Tower
845 Texas Avenue
24th Floor
Houston, Texas 77002
Telephone: 713.353.6673
Facsimile: 832.255.6377

**ATTORNEYS FOR DEFENDANT
EASTMAN CHEMICAL COMPANY**

## CERTIFICATE OF CONFERENCE

Pursuant to S.D. Tex. Local R. 7.1(D) and this Court's Order Striking Document (Doc. 52) counsel for Eastman conferred with counsel for Wilmar via phone on March 10, 2026 regarding this Motion and the relief requested herein. Counsel for Wilmar stated its opposition to Eastman's request to exclude Karl L. Killian's testimony. The parties could not agree regarding the disposition of this Motion thus necessitating its refiling.

/s/ *Gregory J. DuBoff*
Gregory J. DuBoff

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 11, 2026, a true and correct copy of the foregoing document was electronically filed with the clerk of the United States District Court, Southern District of Texas, using the electronic filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys registered for service in the Court's ECF system for this case.

Kevin Jordan
Texas Bar No. 11014800
kjordan@jlcfirm.com
Walter Lynch
Texas Bar No. 24046330
wlynch@jlcfirm.com
Susan Thomas
Texas Bar No. 17019450
sthomas@jlcfirm.com
Charlotte Nicholas
Texas Bar No. 24127872
cnicholas@jlcfirm.com
1980 Post Oak Boulevard, Suite 2300
Houston, Texas 77056
Telephone: (713) 955-4025
Facsimile: (713) 955-9644

**ATTORNEYS FOR WILMAR OLEO NORTH AMERICA LLC**

/s/ *Gregory J. DuBoff*
Gregory J. DuBoff